**Margaret ANDERSON, et al.**

**v.**

**NEW ENGLAND HERALD DEVELOP-
MENT GROUP, et al.**

Supreme Judicial Court of Maine.

Argued April 29, 1987.
Decided May 22, 1987.

Clifford H. Goodall (orally), Dyer & Goodall, Augusta, for plaintiffs.

Steven C. Fletcher (orally), South Portland, for City of South Portland.

Christopher L. Vaniotis (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for New England Herald Development Group.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

Margaret Anderson and the twenty-seven other individual plaintiffs are property owners in the vicinity of a 37–unit condominium project proposed to be built on Alfred Street in South Portland by the New England Herald Development Group (the developer). On plaintiffs' complaint filed pursuant to M.R.Civ.P. 80B, the Superior Court (Cumberland County) affirmed the decision of the South Portland Zoning Board of Appeals upholding the Planning Board's approval of the project. Plaintiffs' principal contention is that the South Portland Planning Board violated their right to procedural due process when it voted on June 11, 1985, to reconsider at a later meeting its previous denial of the project; plaintiffs contend that the Planning Board could not constitutionally decide to reopen the matter without first giving them notice of and an opportunity to be heard on that procedural question. We find that contention utterly lacking in merit.

■ The due process requirements of notice and an opportunity to be heard are triggered only where governmental action has resulted in "a deprivation of an individual's life, liberty or property interests." *Jackson v. Town of Searsport*, 456 A.2d 852, 856 (Me.1983). No such deprivation occurred here. When on June 11, 1985, the developer appeared unbidden and submitted an unsolicited revised proposal and a letter requesting reconsideration, the Planning Board merely voted to hold a hearing in July on the developer's revised proposal. At that June 11 meeting, the Planning Board did not discuss the merits of the revised proposal, nor did the developer seek such discussion. Plaintiffs received full notice of the July hearing and participated therein. Familiar principles of due process simply do not require notice of and a hearing on a procedural question like that the Planning Board confronted unexpectedly on June 11, 1985. It is not surprising that plaintiffs cite no authority whatever to support their contention that the Planning Board's June 11 vote to reconsider violated their due process rights. Even if plaintiffs could demonstrate that they suffered some prejudice from their absence from the June 11 meeting, they were given full legal redress when they received notice of and participated in the July 16, 1985, meeting, at which the Planning Board addressed the actual merits of the revised proposal. *Cf. Hall v. Board of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985) (BEP staff submitted materials almost all of which supported denial of plaintiff's project, but court stated any defect of bias "was substantially cured" at subsequent hearing at which plaintiffs were given full opportunity to present evidence).

■ The absence of any detriment to plaintiffs from not attending the June 11 meeting necessarily dooms their back-up argument that the Planning Board was estopped from voting to reconsider because in not attending the June 11 meeting plaintiffs had allegedly relied on a statement by an unidentified city employee in answer to a telephone inquiry that no item concerning the developer's proposal was on the June 11 agenda. "It is ... an essential ingredient of [equitable estoppel] that the induced reliance causes actual *detriment* or *prejudice* to the party induced." *Martin v. Prudential Ins. Co.*, 389 A.2d 28, 31 (Me.1978) (emphasis in original).

■ Protective as we are of the constitutional right to due process, which ensures fairness in the government's dealings with citizens, we simply cannot find any possible support for plaintiffs' appeal. The absence of any conceivable prejudice to them by virtue of the Planning Board's procedural decision of June 11, 1985, coupled with the absence of any argument whatever that the Planning Board's ultimate decision to approve the project was in any respect wrong on the merits, emphasize the frivolous nature of plaintiffs' appeal and compel us to impose sanctions pursuant to M.R.Civ.P. 76(f). Since defendants have not requested sanctions, we limit sanctions to treble costs.

The entry is:

Judgment affirmed. Plaintiffs shall pay treble costs to defendants.

All concurring.